# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 15, 1916.

JOHANNAH DIEHL
VS.
CHARLES H. DIEHL.

*James Fluegel* for plaintiff.
*Harry B. Wolf* for defendant.

DAWKINS, J.—

This is a suit by the wife for permanent alimony and counsel fee, alleging abandonment by the husband for over three years. The husband answers by saying that his wife, by her conduct, drove him away from his home.

There is no doubt about the fact of the husband leaving home as alleged.

The only question to be determined is whether or not the conduct of the wife, on account of drunkenness, was of such an excessively vicious or cruel character as to justify the husband abandoning her.

The one actual act of violence or cruelty is the circumstance of throwing a loaf of bread at the husband in 1911. The somewhat isolated instances of fastening the house against the husband, interfering with the cooking, by turning off the stove, etc., were bad, but they were all done when the wife was under the influence of liquor.

There were no words between them at all the morning of the separation. Even the circumstances chiefly testified to took place from 1908 to 1911. Some of the witnesses have not seen her since 1909. The request for the husband to "get out" was made when the wife was drinking. The lady who keeps the house in which the wife is now living says there is no drinking by her at this time, and she has seen her since April, 1915.

While the husband seems to have been long-suffering, yet there is no evidence that he ever tried to have the wife treated in any way to relieve her propensity for drink (he even bought liquor for her), nor has he been to see her with a like object in view since the separation. Since the separation there is no evidence that he provided a home or provided for her until fifteen months after the separation, when he gave her $2.50 per week, and later was compelled by an order of court to pay her a larger sum. The wife, under the proof, would be entitled to a divorce, unless the husband can better explain his continued abandonment; so she would be entitled to maintain this suit.

The case is a very sad one for both parties. There seems to have been nothing to seriously disturb the harmony of their relations, save this one thing. The parties have lived together for twenty years. Every right-minded person can not fail to condemn a wife who permits herself to be in a state of habitual intoxication, nor can there be very well imagined a more deplorable thing than for a man and woman to live together in the married estate with one of them addicted to drunkenness.

Drunkenness, however, is not a cause for divorce in Maryland. Our duty is to administer the law as we find it, whether established by statute or the decisions of the courts that are binding upon us.

Our Court of Appeals has said that "excessively vicious" conduct with all of its indefiniteness as to meaning, when it rests upon drunkenness alone, has never been held or even suggested (whether it be in man or woman) as a sufficient ground per se for divorce. Drunkenness may, in connection with other violations of the marriage relation, be considered as reflecting on the habit and conduct of the party complained against, but as furnishing cause to justify a divorce, either in this State or England, it has never been considered as a sufficient ground. If it were a cause, the facility for obtaining divorces would be vastly increased. Public policy and morality alike condemn too easily obtain separations.

71 Md. 193, Shutt vs. Shutt, and the cases there cited.

101 Md. 427, Wheeler vs. Wheeler.

The evidence in this case exhibits a lamentable condition and one calculated to arouse a very great sympathy for the husband, but the Court is not permitted to indulge its feeling of sympathy to unsettle the law. However deplorable the conduct of this unfortunate woman may have been, courts can not furnish relief against all the distresses and troubles that may arise between man and wife. The husband should, by influence or authority, seek to correct the frailties of the wife. Marriage is a solemn contract. Both parties should seek to make it grow stronger as the years pass. If it becomes impossible for it to be longer maintained, the one without fault should certainly show that he or she has made every reasonable effort to preserve the bond. One should not be turned adrift until every possible effort has been made to justify an abandonment.

For the reasons indicated by the comments heretofore made, it does seem to me that the wife has not shown herself entitled to any considerable allowance of alimony, though entitled to some allowance. The counsel for the wife should be allowed a fee.

The relief sought in the bill will be granted.